UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,  :
                  -against-  :
                                          :      SHORT FORM
RUSLAN REIZIN and MARK KRIVOI,  :      MEMORANDUM & ORDER
                                   Defendants.  :      18-CR-100 (ENV)
------------------------------------------------------------- x

VITALIANO, D.J.

      Jury selection in this case is scheduled to start on October 29, 2018. Defendant Krivoi has filed an omnibus motion *in limine*, ("Krivoi Mot.") dkt. 45; defendant Reizin has filed a motion to sever and to suppress, ("Reizin Mot.") dkt. 46. Both are opposed by the government, ("Govt. Opp'n"), dkt. 52. Seeking relief of its own, the government has filed a motion *in limine*, ("Govt. Mot."), dkt. 48, which Krivoi opposes ("Krivoi Opp'n"), dkt. 50, joined by Reizin at oral argument. Having considered the submissions of the parties, and argument having been heard on September 27, 2018, *see* Minute Entry for Oral Argument on September 27, 2018, the motions are resolved in the manner and for the reasons as set forth below.[1]

| Motion | Ruling |
|---|---|
| Defendants' Shared Requests ||
| (A) Pursuant to Federal Rule of Criminal Procedure 14, defendants | (A) In light of the long-standing preference for joint trials of defendants who are indicted together, a court |

---

[1] During oral argument, counsel for defendant Krivoi raised a potential objection to certain recordings of telephone conversations the government intends to use at trial. If the parties are unable to reach an agreement as to these recordings, Krivoi may file a supplemental motion to resolve the issue prior to trial.

move to sever the trial, arguing that a joint trial will prejudice Reizin in light of proffer statements made by Krivoi. Reizin Mot. at 3-4; Krivoi Mot. at 2. Defendants argue that the admission of proffer statements will violate *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), in which the Supreme Court held that the admission of a co-defendant's unredacted confession that inculpates the non-confessing defendant violates the Confrontation Clause, even where the jury is instructed not to consider the statement as to the non-confessor.

should only grant severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). While courts take into account various factors, "the ultimate question is whether the jury can . . . render a fair and impartial verdict as to each defendant." *United States v. Ramos*, 2013 WL 1932110, at *5 (S.D.N.Y. May 8, 2013) (citation omitted) (denying motion for severance). Applying *Bruton*, the Second Circuit has held that co-defendant confessions are admissible where redacted to avoid explicit identification of the non-confessor based on the statement alone, and where a limiting instruction is given to the jury. *United States v. Jass*, 569 F.3d 47, 64 (2d Cir. 2009); *cf. Gray v. Maryland*, 523 U.S. 185, 186, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998) ("statements redacted to leave a blank or some other similarly obvious alteration . . . point directly to, and accuse, the nonconfessing codefendant"). Redaction need not be so extensive as to prevent identification of the co-defendant in light of *other* evidence presented at trial. *Jass*, 569 F.3d at 64.

2

|  | Dispositively, defendants fail to demonstrate why any prejudice from the admission of Krivoi's proffer statements could not be prevented through proper redaction and a limiting instruction. The risk of a *Bruton* violation is further reduced where, as the government intends to do here, the statements in question, to the extent otherwise admissible against Krivoi, would be admitted through the testimony of a witness prepared not to identify the non-confessing defendant, thus minimizing "the risk of clumsy redactions." *United States v. Rivera*, 89 F. Supp. 3d 376, 399 (E.D.N.Y. 2015). The motion to sever is denied. In aid of this ruling, though, the government is directed to file a "Brutonized" proffer statement and proposed limiting instructions for the Court's review by October 15, 2018. |
|---|---|
| (B) Defendants move to suppress cell-site location evidence obtained through a court order under 18 U.S.C. § 2703(d), because *Carpenter v. United States*, 138 S. Ct. 2206 (2018), requires a search warrant to obtain such information. Reizin Mot. at | (B) The government advised that it obtained a search warrant for the cell-site data post-*Carpenter*, and its application for that warrant "did not rely on data it obtained through the Rule 2703(d) order" secured prior to its warrant application. Govt. Opp'n at 5. In light of the government's representation, the motion to suppress was withdrawn on the record during oral argument. Motion withdrawn. |

| | |
|---|---|
| 2; Krivoi Mot. at 2. Defendants also seek to suppress any evidence derived from the cell-site evidence. Reizin Mot. at 2. | |
| Krivoi Motions | |
| (C) Krivoi seeks to dismiss Count One in the indictment, Kidnapping, arguing that the evidence presented to the grand jury was legally insufficient and that the victim was in Krivoi's car for an insufficient amount of time to constitute kidnapping. Krivoi Mot. at 2. Krivoi also indicates he intends to bring a post-trial motion for judgment of acquittal. Krivoi Reply at 6, Dkt. 54. | (C) Generally, in criminal cases, challenges to the sufficiency of evidence are reserved for acquittal motions made after the close of the government's case-in-chief or post-trial. *See* Fed. R. Crim. P. 29; *see also United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998) ("the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment"). Count One provides "a plain, concise, and definite written statement of the essential facts constituting the offense charged," *see* Fed. R. Crim. P. 7(c)(1), and the elements of the kidnapping charge do not include any temporal requirement, *see* 18 U.S.C. § 1201(a). This is not a charge based on an "overly literal interpretation" of the kidnapping statute where the defendant allegedly committed "different offenses, of which temporary seizure or detention played an incidental part", such as robbery. *Govt. of V.I. v. Berry*, 604 F.2d 221, 226 (3d |

| | |
|---|---|
| | Cir. 1979).[2] Although case law applying the predecessor federal kidnapping statute observes that "holding a kidnapped person . . . implies an unlawful physical or mental restraint for an appreciable period," *Chatwin v. United States*, 326 U.S. 455, 460, 66 S. Ct. 233, 90 L. Ed. 198 (1946), it does not require any minimum "appreciable period." Furthermore, as Krivoi acknowledges, the Second Circuit observed in *Rodriguez* that a period of less than 15 minutes could be considered "appreciable" where the victim was physically injured or threatened with injury, as the government charges here. *United States v. Rodriguez*, 587 F.3d 573, 581 (2d Cir. 2009) (applying *Chatwin* to Hostage Taking Act). The motion to dismiss Count One is denied, but, of course, without prejudice to its renewal on a Rule 29 motion at the close of the government's case. |
| (D) Krivoi moves to preclude impeachment based on prior | (D) The government does not seek to admit Rule 609 evidence in its case-in-chief, Govt. Opp'n at 4, or for |

---

[2] The merger doctrine argument advanced by Krivoi on reply relies on cases applying state law, not the statute charged here. *See* Krivoi Reply at 2. The only federal case he cites for support resulted in the denial of a state prisoner's habeas petition challenging his conviction for violating a state kidnapping statute based on the alleged insufficiency of evidence. *See Burkhardt v. Bradt*, 2016 WL 7017363, at *7-8 (E.D.N.Y. Dec. 1, 2016).

5

| | |
|---|---|
| convictions under Federal Rule of Evidence 609(a). Krivoi Mot. at 3. | impeachment on cross-examination, *see* Govt. Mot. The request is moot, and denied on that ground. |
| (E) Pursuant to Federal Rule of Evidence 404(b), Krivoi demands notice of any "bad acts" the government seeks to introduce at trial. Krivoi Mot. at 4. | (E) The government does not intend to admit 404(b) evidence in its case-in-chief, Govt. Opp'n at 4, and has already given notice of the "bad acts" it seeks to admit for impeachment purposes through its own motion. This request is moot, and the motion is denied on that ground. *See* part (O), *infra*, regarding the government's motion *in limine* to use such evidence to impeach Krivoi should he elect to testify. |
| (F) Pursuant to Rule 6, Krivoi seeks the release of grand jury testimony, specifically asking for "the names of all witnesses" 30 days before trial to "help enable Mr. Krivoi to prepare his defense." Krivoi Mot. at 4. | (F) Krivoi presents no argument as to why he should receive grand jury information. There is no general helpfulness exception to the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts," which must only be broken "where there is a compelling necessity" shown "with particularity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). Krivoi's admission that he knows "who the alleged 'victim' is in this case" and has thus far made "no attempt to obstruct justice" is not, as peculiar a |

| | |
|---|---|
| | statement it may be, a compelling reason to order disclosure. The request is denied. |
| (G) Pursuant to Rule 801(d)(2)(D), Krivoi seeks admission of statements made by the government at Reizin's bail hearing, allegedly referring to Krivoi as "a 'minor' participant" in the charged extortion conspiracy. Krivoi Mot. at 4-5. | (G) According to the government, Krivoi seeks to admit a statement that does not exist, because the government did not call him "a minor participant" at Reizin's bail hearing, instead stating to the presiding Magistrate Judge, "[a]s you can tell from the complaint, Krivoi's involvement is *more limited*." Govt. Opp'n at 19 (emphasis added). While the Second Circuit has observed that "there is no absolute rule preventing use of an earlier opening statement by counsel as an admission against a criminal defendant in a subsequent trial," *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984), Krivoi submits no precedent for the admission of prior statements made at bail hearings under the party-opponent exception to the hearsay rule. *See United States v. Aleynikov*, 785 F. Supp. 2d 46, 63 (S.D.N.Y. 2011) (denying admission of government statements made during bail hearing), *rev'd on other grounds*, 476 F. App'x 473 (2d Cir. 2012). Furthermore, even had such statements been made in argument to a jury on the ultimate issues as opposed to at a bail proceeding, prior jury argument may only be admitted under the party- |

| | |
|---|---|
| | opponent rule where it "involves an assertion of fact inconsistent with similar assertions in a subsequent trial," where the inconsistency is "clear and of a quality which obviates any need for the trier of fact to explore other events at the prior trial," and where the district court has determined by a preponderance of the evidence that the proposed inference "is a fair one and that an innocent explanation for the inconsistency does not exist." *McKeon*, 738 F.2d at 33. The statement actually made at the bail hearing is an opinion about a matter immaterial to guilt or innocence, not a fact, and the government does not intend to offer any theory inconsistent with the characterization that Krivoi's involvement was "more limited" than Reizin's, Govt. Opp'n at 21. By the very nature of conspiracy, conspirators have various roles to play, some more limited than others. But, all who knowingly join a conspiracy are equally criminally liable regardless the specific role they played. Role limitation is a matter appropriately considered in setting bail, or imposing a sentence, but not for any other purpose. The motion is denied. |
| (H) Krivoi asks the Court to rule in advance on the admissibility of | (H) Rule 801(d)(2)(E) permits the admission of a statement made by a coconspirator during and in |

8

| | |
|---|---|
| "any out-of-court statements by alleged co-conspirator Reizin" that might be offered pursuant to Rule 801(d)(2)(E), requiring "the government to meet its burden pre-trial" so as to avoid a mistrial. Krivoi Mot. at 5. | furtherance of the conspiracy. Because Krivoi has not identified any specific potential statement, instead merely asking the Court to "carefully" review any statement at the time it is presented for admission, Krivoi Mot. at 5, this request is premature. Ruling will be reserved to the time of trial should Krivoi object to any such proffer on that basis. |
| (I) Pursuant to Rule 7(f), Krivoi asks the government to state whether it is proceeding against him as a principal, or an aider and abettor. Krivoi Mot. at 5. | (I) Rule 7(f) permits courts to order the government to file a bill of particulars, which the defendant may request "before or within 14 days after arraignment or at a later time if the court permits." Because the government does not oppose this request, it is granted. |
| (J) Krivoi asks for an order to direct the government to disclose evidence subject to disclosure under Rules 12(b)(4) and 16, "if not already provided." Krivoi Mot. at 5-6. He also requests that the government specifically identify its case-in-chief evidence "separate and apart from any items | (J) Since the government affirms it "has produced the bulk of discovery, and will continue to produce discoverable materials on a rolling basis," Govt. Opp'n at 5, n. 2, the request for production is unnecessary, and is denied on that basis. As to the request for identification of case-in-chief evidence, the purpose of Rule 12(b)(4) is to give a defendant an opportunity to move to suppress evidence. *See* Rule 12(b)(4)(B). This provision is not a tool "to aid the defendant in ascertaining the Government's trial strategy." *United* |

9

| | |
|---|---|
| of other discovery" produced under Rule 16. *Id.* at 6. | *States v. Koschtschuk*, 2010 WL 584018, at *10 (W.D.N.Y. Feb. 16, 2010) (denying request for specification of case-in-chief evidence); *see also United States v. Barret*, 824 F. Supp. 2d 419, 459-60 (E.D.N.Y. 2011) (same). Krivoi provides no proper reason for the government to specifically distinguish its case-in-chief evidence from other discovery and thereby preview its trial strategy. This request is denied. |
| (K) Krivoi asks the Court to order the government "to produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants," pursuant to *Brady* and Federal Rule of Evidence 806. Krivoi Mot. at 7. | (K) The government confirms it is in compliance with its obligation to produce exculpatory materials. Govt. Opp'n at 5-6. Because it is moot, the motion is denied. |
| (L) Pursuant to Rules 12(b)(4) and 16(a)(1)(A) as well as the Fifth, Sixth, and Eighth Amendments, Krivoi seeks disclosure of all "contact between government agents or prosecutors and potential | (L) The government may generally withhold the identity of informants. *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 520 (S.D.N.Y. 2007). Disclosure "is not required unless the informant's testimony is shown to be material to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988). A defendant bears the burden |

| | |
|---|---|
| informants incarcerated with" either defendant. Krivoi Mot. at 8. He similarly requests "the names, addresses and present locations of each and every informant and cooperating witness," making 39 specific requests for information as to each witness or informant. *Id.* at 12-16. | of "demonstrating the need for disclosure of an informant's identity" and showing "that without such disclosure, [defendant] will be deprived of the right to a fair trial." *Ordaz-Gallardo*, 520 F. Supp. 2d at 520. Krivoi makes no such showing of any kind. He merely argues, in general terms, that disclosure is needed as "a safeguard" because informant testimony is "inherently unreliable." Krivoi Mot. at 8; *see also id.* at 12-15. The argument is wrong as a matter of fact and as a matter of law. The request, which rests upon it, is denied. |
| (M) Krivoi seeks immediate disclosure of *Giglio* and *Brady* materials, and requests specific categories of exculpatory evidence. Krivoi Mot. at 8-11. | (M) In light of the government's affirmation of its ongoing compliance with these obligations and agreement to disclose any *Brady* materials "as soon as it becomes aware of any", Govt. Opp'n at 6, this request is moot. *See also* Sept. 12, 2018 Govt. Letter Regarding Discovery, Dkt. 53. Of course, as with any other defense request denied on this basis, should the government fail to make a promised production, the request may be seasonally renewed. |
| (N) Krivoi seeks disclosures of government witness statements, | (N) The Jencks Act requires the government to produce its witness statements *after* their direct testimony. 18 |

11

| | |
|---|---|
| pursuant to the Jencks Act, thirty days before trial. Krivoi Mot. at 9. | U.S.C. § 3500. Courts have "no inherent power to modify or amend the provisions of [the Jencks] Act." *In re U.S.*, 834 F.2d 283, 287 (2d Cir. 1987); *see also United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 523 (S.D.N.Y. 2007) (denying request for early disclosure of Jencks Act materials). Nonetheless, the government has agreed to disclose Jencks Act materials a week before jury selection. Govt. Opp'n at 6. The request is formally denied, but relief is granted by and to the extent of the government's agreement. |
|  | Government Motion *in Limine* |
| (O) Pursuant to Rule 608(b), the government moves to cross-examine Krivoi on the following six categories of prior false statements: | (O) Rule 608(b) permits cross-examination of a witness, including a defendant in a criminal case, on extrinsic evidence probative of the witness's character for truthfulness. But, Rule 403 permits the exclusion of such admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The district court has "wide discretion to impose limitations on the cross-examination of witnesses," especially where such evidence is not |

12

especially probative of truthfulness. *United States v. Flaharty*, 295 F.3d 182, 190 (2d Cir. 2002). In assessing proposed 608(b) evidence, a trial court may consider whether the prior conduct constituted an act of deceit, occurred years in the past, was highly inflammatory in nature, and whether there is opportunity to impeach on other grounds. *See United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996) (precluding cross-examination as to defendant's alleged prior sexual abuse of stepdaughter). In order to avoid prejudice, wasted time, and cumulativeness, the government's requests will be considered individually and together as a group:

| | |
|---|---|
| (1) Krivoi's false statements made to Pre-Trial Services, concerning his brother's residence, international trips taken in 2016 and 2017, and his income, assets, and certain funds received from his mother-in-law, Govt. Mot. at 5-6; | (1) Krivoi's statements to Pre-Trial Services are admissible for impeachment purposes. *See United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004). The government's request to cross-examine on this basis is granted. |

| | |
|---|---|
| (2) Krivoi's "misrepresentations about service of legal process" and a civil court's finding that his testimony was "truly incredulous" in a prior civil litigation with his condominium association, Govt. Mot. at 6; | (2) Especially given the greater than average impact of a judge's comment on the credibility of a witness, even though in another case, the Rule 403 balancing test must be scrupulously applied. *See United States v. Cedeno*, 644 F.3d 79, 83 (2d Cir. 2011) (setting forth 7-factor test). Significantly, the government does not point to any specific false statements made by Krivoi, but wants to suggest that the judge found him not to be credible overall in another case. The subject matter—a dispute with a condominium association—is not similar to his criminal prosecution. Krivoi's testimony then was presumably under oath. But, it stops there. The government does not identify false statements made "about a matter that was significant." *Cedeno*, 644 F.3d at 83. It could take a mini-trial to figure it out. Furthermore, over six years have passed since the civil suit, though neither party points to any intervening credibility determinations. The motive for any lie in that case—raising a successful defense—certainly exists here. Krivoi's explanation that the unfavorable credibility assessment was based on his "arguably weak counterclaims" that were interposed "for negotiation leverage" is plausible. Krivoi Opp'n at 6. Considering |

14

| | |
|---|---|
| | these factors, especially the great potential for prejudice, the resulting entanglements with entirely unconnected civil litigation, and the cumulative effect of such evidence, the evidence will be precluded on Rule 403 grounds. |
| (3) Krivoi's false sworn statements in documents transferring real estate to his daughter, including his failure to disclose that the transfer was between relatives, and his compliance with the relevant tax reporting requirements, Govt. Mot. at 6-7; | (3) Under Rule 608(b), it is "appropriate to introduce false statements, especially false sworn statements" for credibility purposes. *United States v. Triumph Capital Grp., Inc.*, 237 F. App'x 625, 629 (2d Cir. 2007); *see also Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993) (false statements in tax returns and failure to file taxes are admissible as to credibility), *abrogated on other grounds, Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996). The government's third *in limine* request is granted. |
| (4) Krivoi's alleged intimidation of witness Michael Stern during Krivoi's brother's 2007 trial for murder, Govt. Mot. at 7-8; | (4) In this request, the government seeks to impeach Krivoi by inquiring about his alleged witness tampering in relation to a murder trial. Any such inquiry would be highly prejudicial and could confuse the jury by |

15

| | suggesting Krivoi has a propensity for intimidation. The alleged incident took place over a decade ago to boot. Moreover, the government will be permitted to introduce ample evidence of untruthfulness through several of its other requests. This request is denied as unduly prejudicial and cumulative. |
|---|---|
| (5) Krivoi's alleged promotion of a fraudulent business venture with Reizin, in which they induced a third party to pay $100,000-$250,000 towards "an apparently non-existent business", Govt. Mot. at 8-9; | (5) The allegations of a fraudulent business venture would be prejudicial to co-defendant Reizin, creating a separate set of problems that would make the trial more complex. Nonetheless, putting these concerns to the side, in any event, the proffer would still lead to jury confusion with respect to either or both defendants that they have a propensity for targeting third parties for financial gain. In addition, the government has not adequately explained the relevant facts establishing untruthfulness. This request is denied as prejudicial to Reizin, and as to both defendants, as confusing and cumulative. |

| | |
|---|---|
| (6) Krivoi's reporting of a false residential address to his car insurance provider, Govt. Mot. at 9. | (6) Krivoi does not dispute that he provided a false address to his insurance company. *See Krivoi Opp'n* at 10. Such false statements are admissible for impeachment purposes. *Triumph Capital Grp.*, 237 F. App'x at 629. This request is granted. |

So Ordered.

Dated: Brooklyn, New York

October 2, 2018

/s/ Hon. Eric Vitaliano
_____
ERIC N. VITALIANO

United States District Judge